UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:09CV-444-C

**WINSTON THOMAS**                                                                                          **PLAINTIFF**

**v.**

**BARBARA MURRAY STRAHM** *et al.*
                                                                                                     **DEFENDANTS**

### MEMORANDUM OPINION

The plaintiff, Winston Thomas, a former resident of Dismas House, commenced this action against the following employees of Dismas Charities: Director Barbara Murray Strahm, Assistant Director Lynda Keeton, Counselor Norton Edmonds, Counselor Ticola Bowling, Employment Specialist Angela Tutt, Resident Monitor Phyllis Burton, Resident Monitor K. Massey, Resident Monitor Matt Gilbert, and Resident Monitor Kirie Tucker. The plaintiff is suing on behalf of himself and "and those similar situated at the Dismiss Charities."

Because the plaintiff is proceeding *in forma pauperis*, this Court is required to screen the complaint "before process is served." *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); 28 U.S.C. § 1915(e)(2). Under § 1915(e)(2) the court must dismiss a case at any time if the court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from relief. *See id*.

In his complaint, the plaintiff alleges that while a resident of Dismas House, he was subjected to verbal and psychological harassment. He explains,

> The above named Defendants acting individually or coherently, intentionally, deliberately insights, insighted fear and discomfort clandestinely with or through instructions by, of Barbara Strahm, Director. Intimidates verbally with physical threats and psychological coercion along with her staff and other named personnel at Dismas Charities, to, at, also towards residents, Plaintiff and those similar situated.

As a preliminary matter, the plaintiff can pursue this action only on behalf of himself, because a *pro se*, non-lawyer plaintiff is not able to fairly represent the rights of others. *See Ziegler v. Michigan*, 90 F. App'x 808, 810 (6th Cir. 2004) ("[N]on-attorneys proceeding *pro se* cannot adequately represent a class."). Thus, the court will consider the plaintiff's complaint only with regard to his personal claims.

The plaintiff essentially alleges that the defendants violated his constitutional rights by verbally harassing and intimidating him while he resided at Dismas House. This is insufficient to state a claim under 42 U.S.C. § 1983. Although verbal abuse by prison officials is not condoned, verbal abuse by itself does not violate the Constitution. *See Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987); *Cumbey v. Meachum*, 684 F.2d 712 (10th Cir. 1981); *Oltarzewski v. Ruggiero*, 830 F.2d 136 (9th Cir. 1987). The court is required to dismiss the plaintiff's allegations of non-physical harrassment, for failure to state a claim upon which relief can be granted.

The court will enter an order of dismissal consistent with this memorandum opinion.

Signed on  August 3, 2009

**Jennifer B. Coffman, Judge**
**United States District Court**

3